VIGNERI *v.* MID CITY SALES COMPANY, INC., ET AL.

[No. 392, September Term, 1963.]

362

*Decided June 26, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT and HORNEY, JJ., and RUTLEDGE, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

*Eugene A. Alexander, III,* for appellant.

*Alfred M. Porth,* with whom was *Robert E. Cadigan* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

The sole question raised on this appeal is whether the request of an employee for a hearing as to the nature and extent of his disability from an injury which arose out of and in the course of his employment is barred by the limitation provisions of the Workmen's Compensation Act.

Vincent J. Vigneri (employee or claimant) sustained an accidental injury to his back on February 2, 1954, while employed by Mid City Sales Company (employer). Fifteen days later (on February 17) he filed his claim for compensation with the Workmen's Compensation Commission (commission), and on February 25, 1954, the commission passed an "award of compensation" ordering the employer and its insurer, the Century Indemnity Company (now Aetna Insurance Company), to pay the employee compensation for temporary total disability, the payments to begin as of February 6, 1954.

The claimant received payments through March 13, 1954. On March 15 he returned to his job at Mid City Sales and continued working until October 8, 1954, when he suffered a recurrence of the original injury without further trauma. He was again paid compensation for temporary total disability from October 9 through October 30, 1954. On November 5, 1954, the employee signed and filed with the commission a "settlement receipt" indicating the duration and amount of the temporary total benefits he had received. Thereafter, on December 28, 1954, the director of claims at the commission wrote the insurer requesting a final medical report describing the nature of any permanent disability the claimant may have sustained on reaching maximum improvement. A copy of the letter was sent to the claimant with a request that he advise the commission without delay if he had been discharged by the doctor and had sustained permanent disability. A brief report from the doctor, to the effect that he had not seen the claimant since his previous report and assumed that he was back at work and was free of the symptoms of which he complained when last he saw him, was filed with the commission on January 18, 1955.

No further action was taken in the case by any one until after the claimant was hospitalized and given medication for severe low back pains in December of 1958. On December 28, 1958, present counsel for the employee requested a hearing as to the nature and extent of the claimant's disability and reimbursement for medical expenses incurred. Replying to the application, the employer and insurer raised an issue as to whether the claimant had filed "his petition to reopen his case within the time required by law."

In due course a hearing was held before one of the commissioners and it was ruled that the employee's request for a hearing was not barred by limitations. Subsequently, a rehearing was held before the commission *en banc* and the previous ruling was affirmed. On appeal to the Superior Court of Baltimore City, the commission was reversed. From the judgment absolute in favor of the employer and insurer for costs, the employee appealed to this Court.

Since the original injury was sustained in 1954, the issue in this case is governed by Code (1951), Art. 101, § 53 (a similar provision is now codified as § 40(c) of Art. 101 in the 1957 Code), which provided in pertinent part:

> "In cases where no final award shall have been made by the Commission, but an award not designated as a final award shall have been made by the Commission, no additional award or awards of compensation shall be made by the Commission unless application therefor be made to the Commission within three years next following the last payment of compensation under such award or awards not designated by the Commission as final."

The parties concede that the commission's "award of compensation" on February 25, 1954, was not a "final award." Furthermore, since it is clear that the last payment of compensation to the claimant was made on or before November 5, 1954, we are of the opinion that the request of the employee on December 28, 1958, to reopen the case to permit the making of an additional award should have been denied because the statutory period of limitations had expired.

The employee, however, relying on *Porter v. Bethlehem-Fairfield Shipyard, Inc.,* 188 Md. 668, 53 A. 2d 668 (1947), contends that the employer and insurer are estopped from raising the question of limitations. In *Porter,* having concluded on the facts of the case that an award of temporary total disability not designated as final and on which there had been no hearing was not a final award within the meaning of § 53, *supra,* we held that the claimant should have been permitted to have a hearing even though the application therefor had been filed more than three years after the last *actual* payment of compensation. But inasmuch as the decision in that case was predicated on the fact that payments for temporary total disability under a supplemental award were still due and unpaid, the application for a hearing to determine the nature and extent of disability did not involve a reopening of a stale claim but the conclusion of one that had not been barred. See *Kelley-Springfield Co. v. Roland,* 197 Md. 354, 358-359, 79 A. 2d 153 (1951), for a discussion of the actual holding in the *Porter* case, *supra.*

In the case at bar, as is apparent, the factual situation is quite different from the circumstances in the *Porter* case. Here, the employee had received full payment for the temporary total benefits due him under the awards for both the first and second periods of lost time more than three years before he applied for a hearing as to the nature and extent of his disability. Clearly the holding in the *Porter* case is not applicable to the facts of this case and we so hold. The employer and insurer were not therefore estopped from asserting the defense of limitations.

For the reasons stated the judgment for costs will be affirmed.

> *Judgment affirmed; the appellant to pay the costs.*