### ADKINS *v.* WEISNER AND AMERICAN INSURANCE COMPANY

[No. 254, September Term, 1964.]

412

Decided April 27, 1965.

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and BARNES, JJ.

*Patrick L. Rogan, Jr.*, with whom were *Vaughn E. Richardson* and *Richardson & Rogan* on the brief, for appellant.

Submitted on the brief by *W. Edgar Porter* and *Paul M. Anderton* for appellees.

MARBURY, J., delivered the opinion of the Court.

The sole question raised on this appeal is whether the request of an employee for a hearing as to the nature and extent of his disability from an injury which arose out of and in the course of his employment is barred by the limitation provisions of the Workmen's Compensation Act.

Fred W. Adkins (employee or claimant) sustained an accidental injury to his back on September 11, 1958, while employed by Raymond A. Weisner. He filed a claim with the Workmen's Compensation Commission, and after a hearing on October 16, 1958, the Commission passed an "award of compensation" ordering the employer and his insurer, American Insurance Company, to pay the employee compensation for temporary total disability, the payments to begin as of September 15, 1958. Subsequent to this, after another hearing was held on August 24, 1959, the Commission passed a "supplemental award of compensation" ordering the employer and his

insurer to pay the employee compensation for permanent partial disability at the rate of $25 per week, payable weekly, beginning on July 26, 1959, not to exceed the sum of $1875.

The claimant petitioned the Commission on September 17, 1959, for a lump sum payment commuted from the weekly payments in accordance with Code (1957, 1964 Cum. Supp.), Article 101, Section 49. On September 28, the Commission ordered that $504.23 be converted from the closing weeks of compensation due the claimant and this amount paid to him without discount. It was stipulated by the parties that as of April 20, 1960, all payments were made that were due under the permanent partial disability award of August 24, 1959. On May 2, 1960, the employee signed and filed with the Commission a statement of compensation paid, indicating the duration and amount of the benefits he had received.

On October 2, 1963, the claimant filed a petition to reopen his case as to the nature and extent of his disability alleging that his physical condition as the result of his injury had become worse. The employer and insurance carrier, appellees, answered the petition claiming that it was not filed within the limitation period of three years from the last compensation payment. A hearing was held by the Commission and in its order of January 2, 1964, it found that the claimant's petition to reopen was barred by limitations. This order was affirmed by the Circuit Court for Wicomico County on August 7, 1964, and from the judgment absolute in favor of the appellees for costs, the employee appeals to this Court.

Appellant argues that his petition was not barred by limitations for failure to file it within three years from the last payment of compensation since if he had not requested a lump sum payment and the award had been paid at the rate of $25 per week, it would have continued until January 4, 1961; and thus the petition would have been within the allowable period of limitations. Code (1957), Article 101, Section 40 (c) provides:

"*Modification or changes.*—The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former find-

ings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless application therefor shall be made to the Commission *within three years next following the last payment of compensation.*" (Emphasis added.)

In the case at bar, it is clear that the last payment due under the award was made on or before April 20, 1960. Section 40 (c) by its terms is plain and unambiguous, and leaves no room for interpretation. We hold that the request of the employee on October 2, 1963, to re-open the case to permit the making of an additional award was denied because the statutory period of limitations had expired. *Vigneri v. Mid City Sales,* 235 Md. 361, 201 A. 2d 861. Furthermore, a lump sum payment paid at the request of an employee must be considered in determining the date of final payment of compensation in tolling the period of limitations.

*Judgment affirmed, appellant to pay the costs.*