ANDREWS *v.* DECKER, ET AL.

[No. 112, September Term, 1966.]

460

 

*Decided February 13, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, BARNES, McWILLIAMS, JJ., and MURPHY, J., Chief Judge of the Court of Special Appeals, specially assigned.

*Ernest V. Wachs* for appellant.

*Norman I. Broadwater,* with whom were *Boublitz, Colton & Broadwater* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This appeal has been taken from an order of the Circuit Court for Washington County, Chief Judge D. K. McLaughlin presiding, reversing an award of the Workmen's Compensation

Commission (Commission) which allowed Sherman K. Andrews medical expenses.

The facts were stipulated. On September 13, 1952, Sherman K. Andrews of Hagerstown, Maryland, was injured while in the course of his employment as a carpenter for Charles R. Decker, who was insured for workmen's compensation by an insurance company, now known as Pennsylvania National Mutual Casualty Insurance Company (insurer). An employer's report of the accident was submitted to the Commission. On October 17, 1952, Andrews filed a claim for compensation, and on November 12, 1952, the Commission ordered the employer and insurer to pay $32.00 per week as temporary total compensation, subject to further consideration if disability became permanent. Temporary total compensation was paid through January 27, 1953, and medical payments were paid, the last of which being made on January 5, 1953. No other payments of any kind have been made by the insurer and employer. No claim for further compensation or medical payments was made by or on behalf of Andrews, although he was periodically treated by a doctor from 1952 for injuries which he sustained by reason of the 1952 accident.

On May 23, 1964, Andrews was hospitalized for treatment of injuries which arose out of the 1952 accident. From the time of his admittance to the hospital until the date of his death, July 10, 1965, expenses of $2810.34 were incurred. On March 31, 1965, a claim was made for reimbursement of the hospital and medical expenses. The administratrix of Andrews' estate, Mary Jane Moore, was substituted as a party in interest.

The sole issue in this case is whether the employer and insurer are liable for medical payments to a workmen's compensation claimant who made claim for them more than twelve years after the last payment of any type under the original award of the Commission.

The court below reversed the Commission's award to Andrews on the basis that the case of *A. G. Crunkleton v. Barkdoll*, 227 Md. 364, 177 A. 2d 252, was not a precedent to be followed in this case, because Maryland Code (1951), Article 101, Section 53, was not before this Court in that case. The lower court found that *Vigneri v. Mid City Sales*, 235 Md. 361,

201 A. 2d 861, controlled the case before it. Consequently, it held that Andrews' claim for medical expenses was barred by the statute of limitations.

In *Vigneri v. Mid City Sales, supra,* the sole question decided by this Court was whether the request of an employee for a hearing as to the nature and extent of his disability from an injury which arose out of and in the course of his employment was barred by the limitation provisions of the Workmen's Compensation Act. Vigneri was injured on February 2, 1954. He received compensation for temporary total disability for the periods of February 6, 1954-March 13, 1954, and October 9-30, 1954. A notice was sent to him on December 28, 1954, that he had a right to claim for permanent disability, but he failed to exercise that right. In December of 1958, Vigneri was hospitalized and given medication for severe low back pains. Late in December of 1958 counsel for Vigneri requested a hearing as to the nature and extent of Vigneri's disability. In addition he requested reimbursement for medical expenses incurred. The reply of the employer and insurer to the application raised the issue as to whether Vigneri had filed his petition to reopen his case within the statutory limits. This Court, speaking through Judge Horney, held that the request of Vigneri to reopen his case to permit the making of an additional award should have been denied because of the three year limitation in Code (1951), Article 101, Section 53.

In the present case the court below read Vigneri's petition for reopening as presenting three questions: (1) What was the nature and extent of disability? (2) Was Vigneri entitled to reimbursement for medical expenses incurred? (3) Did Vigneri file his petition to reopen his case within three years? He read the *Vigneri* opinion as holding that the answers to the first and second questions were dependent on the answer to the third. In this the lower court erred, for as stated in the opening paragraph of Judge Horney's opinion, the case was decided on the sole issue of whether Vigneri's request for a rehearing as to the nature and extent of his disability was within the statutory period of limitations. See *Adkins v. Weisner,* 238 Md. 411, 209 A. 2d 255. The issue of reimbursement of medical expenses, which reimbursement was requested in addi-

tion to the petition to reopen the case, was not decided. If it had been, its answer would have been controlled by *A. G. Crunkleton v. Barkdoll, supra,* which was decided nearly two and one-half years before. It is interesting to note that the lower court judge in his opinion denying Vigneri's petition stated that "since a payment of, or a reimbursement for, medical expenses does not constitute a 'payment of compensation' under the law of this state, it is immaterial whether there were or were not additional medical expenses paid, or reimbursed, after the last payment of actual compensation * * *." Brief and Appendix of Appellant, p. E 15-16, *Vigneri v. Mid City Sales, supra.*

The question of law in this case is exactly the same as the one presented in *A. G. Crunkleton v. Barkdoll, supra.* In that case this Court said at page 368:

"Code (1951), Article 101, Section 36 (a), applicable to the present case, provides as follows:

'In addition to the compensation provided for herein the employer shall promptly provide for an injured employee *such medical, surgical or other attendance or treatment, nurse and hospital services,* medicines, crutches, apparatus, artificial hands, arms, feet and legs as may be required by the Commission.'

"It is clear from the above that the liability of the employer to furnish free nursing services and treatment is not subject to a period of limitation. The section, we think, empowers the Commission to order nursing care beyond the obligatory period of compensation *and in addition to other benefits provided in the Workmen's Compensation Law if the circumstances merit such additional financial aid.* In order to sustain the appellants' contention to the contrary, we would have to rewrite the statutes so as to provide for a limitation which is not contained therein." (Emphasis added.)

Accordingly, the order of the lower court is reversed and

the award of the Workmen's Compensation Commission is reinstated and affirmed.

*Order reversed and award of Workmen's Compensation Commission reinstated. Costs to be paid by appellees.*