769 A.2d 269

**Elaine M. ZEITLER–REESE**

**v.**

**GIANT FOOD, INC. et al.**

**No. 0857 Sept. Term, 2000.**

Court of Special Appeals of Maryland.

March 29, 2001.

594

Leslie A. Pladna (Kahn, Smith & Collins, P.A., on the brief), Baltimore, for appellant.

Craig A. Coxen (Law Office of Nancy L. Harrison, on the brief), Annapolis, for appellees.

Argued before KENNEY, DEBORAH S. EYLER, and ADKINS, JJ.

ADKINS, Judge.

In 1996, Elaine Zeitler–Reese, appellant, was awarded workers' compensation from her employer, Giant Food, Inc. and its insurer (collectively "appellees"). After a hearing on appellant's request to modify the award, the Workers' Compensation Commission ruled that appellees were required to pay for her additional medical treatment but that her claim for disability was barred by limitations. This decision was affirmed by the Circuit Court for Howard County. We must decide in this appeal whether the circuit court erred in doing so.

## FACTS AND LEGAL PROCEEDINGS

Appellant is employed by Giant Food as a cashier. On January 18, 1995, she filed an occupational disease claim with the Maryland Workers' Compensation Commission (the "Commission") after she developed carpal tunnel syndrome during the course of her employment. On May 22, 1996, the Commission issued an order, finding that appellant had sustained an occupational disease "arising out of and in the course of employment, and the first date of the disablement was July 1,

1994." The Commission further found that appellant had "lost no compensable time" and ordered appellees to "pay medical bills of [appellant] in accordance with the Medical Fee Guide of this Commission."

When appellant's condition later worsened, she requested appellees to authorize carpal tunnel release surgery as recommended by her treating physician. After appellees denied this request, on January 21, 1999, appellant applied for a modification of the May 22, 1996 compensability award by filing a form raising the issue of "medical treatment" and stating her need for surgery. The request further noted that the five year statute of limitations was set to expire on June 30, 1999.

A hearing was held on July 19, 1999. At the hearing, appellant requested authorization for surgery and, for the first time, temporary total disability benefits. By order dated August 4, 1999, the Commission ruled that limitations "barred [appellant's claim] as to compensation but not as to medical treatment" and ordered appellees to authorize appellant's carpal tunnel surgery.

Appellant filed a petition for judicial review of the Commission's determination that limitations barred her request for temporary total disability to the circuit court. After a hearing on the parties' cross-motions for summary judgment, the court granted appellees' motion and affirmed the Commission's decision. This appeal followed.

## DISCUSSION

On appeal, appellant contends that the Commission and the circuit court erred in ruling that her claim for compensation was barred by limitations. She argues that the five year limitations period imposed by Md.Code (1991, 1999 Repl.Vol.), § 9–736(b)(3) of the Labor and Employment Article ("LE") should not apply because "no prior award of compensation has been paid" to her.

When interpreting a statute, our goal is to ascertain and carry out the true intention of the legislature. *See Hyle*

*v. Motor Vehicle Admin.,* 348 Md. 143, 148, 702 A.2d 760 (1997). In determining legislative intention, we look to the general purpose, aim, or policy behind the statute. *See Condon v. Univ. of Maryland,* 332 Md. 481, 491, 632 A.2d 753 (1993). The primary source from which to determine this intent is the language of the statute itself. *See Gordon Family P'ship v. Gar on Jer,* 348 Md. 129, 137, 702 A.2d 753 (1997). On the other hand, "[w]hile the language of the statute is the primary source for determining legislative intention, the plain meaning rule of construction is not absolute; rather the statute must be construed reasonably with reference to the purpose, aim, or policy of the enacting body." *Tracey v. Tracey,* 328 Md. 380, 387, 614 A.2d 590 (1992). "Furthermore, when interpreting the Workers' Compensation Act, if there is any ambiguity in the statute's language we generally construe the Act 'as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes.'" *Vest v. Giant Food Stores, Inc.,* 329 Md. 461, 467, 620 A.2d 340 (1993) (quoting *Howard County Ass'n for Retarded Citizens v. Walls,* 288 Md. 526, 530, 418 A.2d 1210 (1980)).

LE section 9–736 governs readjustments and modifications of workers' compensation awards. Subsection (b) provides:

(b) *Continuing powers and jurisdiction; modification.*—(1) the Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment.

The Workers' Compensation Act defines "compensation" as "the money payable under this title to a covered employee or the dependants of a covered employee." LE § 9–101(e)(1). This definition is broad and encompasses many forms of payment, although it excludes the payment of medical ex-

penses. *See Holy Cross Hosp. v. Nichols,* 290 Md. 149, 161–63, 428 A.2d 447 (1981). In *Holy Cross Hosp.,* the Court of Appeals traced the legislative history of the limitations period in the modification statute. In tracing the history of Md.Code (1957, 1979 Repl.Vol., 1980 Cum.Supp.), Art. 101, section 40(c), the predecessor to LE section 9–736, the Court explained:

> The time within which an award could be reopened was unlimited under the original Act. Acts of 1914, Chapter 800, §§ 39, 42 and 53; *Ireland v. Shipley,* 165 Md. 90, 100–101, 166 A. 593 (1933). Chapter 342 of the Acts of 1931 established the first time limit on reopening. Md.Code (1924), Art. 101, § 54 was amended to provide that no modification 'of any final award of compensation' was to be made unless applied for within one year 'following the final award of compensation.' Chapter 236 of the Acts of 1935 increased the period to three years 'following the last final award of compensation' where the award had been designated as final, and further provided that, where the award was not so designated, 'no additional award . . . of compensation' was to be made unless applied for within three years 'following the last payment of compensation under such award or awards not designated by the Commission as final.' This reopening section was restructured by Chapter 814 of the Acts of 1957 to its present form, as found in § 40(c), under which application for modification of 'any award of compensation' must be made within a period of time 'next following the last payment of compensation.' In the 1957 enactment the time period remained three years. It was increased to five years by Chapter 116 of the Acts of 1969.

*Id.* at 154, 428 A.2d 447. In 1991, Article 101, section 40(b) through (d) was recodified as LE section 9–736 "without substantive change. . . ." *See* Md.Code (1991), § 9–736 of the Labor and Employment Article. The statutory language has not changed since the recodification. *See* LE § 9–736.

The limitations period in LE section 9–736(b)(3) is clear and unambiguous—a modification award must be made within five years of the last payment. We have previously recognized that this limitations provision must be strictly construed. *See*

*Seal v. Giant Food, Inc.*, 116 Md.App. 87, 96, 695 A.2d 597 (1997). Indeed, both the Court of Appeals and this Court have refused to allow certain payments to be considered "compensation" for the purpose of extending the limitations period. *See, e.g., Stevens v. Rite–Aid Corp.*, 340 Md. 555, 567, 667 A.2d 642 (1995) (holding that receipt of sanctions was not "compensation" under LE section 9–736 that would extend the limitations period); *Holy Cross Hosp.*, 290 Md. at 163, 428 A.2d 447 (holding that injured worker's claim for modification was barred by limitations when the worker's petition was filed more than five years after the worker's last compensation payment was received but less than five years after the worker received payments for medical expenses); *Seal*, 116 Md.App. at 94, 695 A.2d 597 (holding that limitations period begins to run on the date final payment of compensation is actually received rather than the date such payment is actually due).

■ In the instant case, appellant has never received compensation payments. Under the original compensation award, appellant only received payment for medical bills. Therefore, under the plain language of LE section 9–736, the limitations has not expired because appellant has never received any compensation payments.

Despite the plain language of LE section 9–736 that limitations does not begin to run until a final payment of compensation is made, appellees contend that limitations should apply in this case. They argue that requiring payment of compensation to be made before limitations begin to run would frustrate the overall purpose of the Workers' Compensation Act because "an important purpose for a period of limitations is to insure that an employer and insurer are able to calculate future exposure and risk in a case." In their brief, appellees appear to suggest that in cases where no compensation is awarded, limitations should begin on either the alleged date of disablement or the date of the original award.

Admittedly, appellees' concerns are legitimate. As recognized by Professor Larson in his treatise on Workers' Compensation Law:

Under the typical award in the form of periodic payments during a specified maximum period or during disability, the objectives of the legislation are best accomplished if the commission can increase, decrease, revive, or terminate payments to correspond to a claimant's changed condition. Theoretically, then, commissions ought to exercise perpetual and unlimited jurisdiction to reopen cases as often as necessary to make benefits meet current conditions. But the administrative and practical difficulties of such a course have led to severe limitations on the power to reopen and alter awards. . . . **[One difficulty] is that insurance carriers would never know what kind of future liabilities they might incur, and would have difficulty in computing appropriate reserves.**

8 A. Larson & L.K. Larson, *Larson's Workers' Compensation Law* § 81.10, at 1045 (1999) (emphasis added).

States that have imposed limitations on the reopening or modification of workers' compensation claims have done so in a variety of ways. *See* Larson, § 81.21, at 1047–48. For example, California requires the modification request to be filed within five years of the date of injury. *See* Cal. Labor Code § 5410 (2001). On the other hand, Illinois requires filing within a certain time period after the award is made by the commission. *See* 820 Ill.Comp.Stat.Ann. § 305/19 (2000). Connecticut provides yet another limitations period—that "the compensation commissioner shall retain jurisdiction . . . during the whole compensation period applicable to the injury in question." Conn.Gen.Stat. § 31–315 (1999). Other jurisdictions follow a similar rule to the Maryland Rule and require a modification to be filed within a certain time period after the last payment is received. *See* Ind.Code § 22–3–3–27 (2000).

The General Assembly could have chosen another means to calculate limitations. Indeed, if LE section 9–736 provided that limitations should run from the date of injury or the date of the original award, appellant's claim would be time barred. Nevertheless, as recognized in *Holy Cross Hosp.,* the Work-

ers' Compensation Act provides that modification is permitted for a certain time period after the final award of compensation. This requirement has been present in the modification statute since 1931. In its current form, the statute does not provide for any exception if an injured worker does not receive "compensation" as part of a workers' compensation claim. Although an exception under the circumstances presented in the instant case may provide predictability to appellees, it is not the role of a court to read exceptions into a statute where none exist. "We remain loyal to the well established principle 'that where the legislature has not expressly provided for an exception in a statute of limitations, the court will not allow any implied or equitable exception to be engrafted upon it.' " *Garay v. Overholtzer,* 332 Md. 339, 359, 631 A.2d 429 (1993) (quoting *Booth Glass Co. v. Huntingfield Corp.,* 304 Md. 615, 623, 500 A.2d 641 (1985)). For this reason, we hold that the limitations period provided for in LE section 9–736(b)(3) does not bar appellant's claim for compensation.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY WITH INSTRUCTIONS TO REMAND CASE TO THE WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEES.**