835 A.2d 288

Charles N. JONES,

v.

**POTOMAC EDISON COMPANY.**

No. 1283, Sept. Term, 2002.

Court of Special Appeals of Maryland.

Nov. 6, 2003.

John A. Schruefer, Jr. (Seigel, Tully & Furrer, on the brief), Baltimore, for appellant.

Philip J. Bray, Hagerstown, for appellee.

Argued before KRAUSER, SHARER and THEODORE G. BLOOM, (retired, specially assigned), JJ.

THEODORE G. BLOOM, Judge, Retired, Specially Assigned.

This appeal is from a judgment of the Circuit Court for Washington County that affirmed a decision of the Workers' Compensation Commission (the Commission) denying appellant, Charles N. Jones, temporary total disability benefits.

On 29 May 1979 and on 3 April 1984, appellant sustained compensable accidental injuries while in the employ of Potomac Edison Company, appellee. As a result of those injuries, he received a sixty-percent permanent partial disability award by the Commission on 27 July 1989. The last payment under that award was made on 28 June 1995.

On 6 October 1997, appellant underwent surgery to repair a torn rotator cuff in his right shoulder. Appellee authorized and paid the medical expenses associated with appellant's rotator cuff surgery. As a result of the surgery, appellant was absent from his employment from the 6th to the 31st of October 1997. Appellee paid appellant sick leave for that time period, but no workers' compensation benefits were paid in connection with that operation.

On 21 October 2001, appellant filed issues with the Commission, seeking temporary total disability for the October 1997 absence from work. The Commission denied those benefits as being time barred by § 9–736 of the Labor and Employment Article of the Maryland Code.

Appellant filed an appeal to the Circuit Court for Washington County. By order dated 15 July 2002, the circuit court granted summary judgment in favor of appellee and affirmed the Commission's decision. This timely appeal followed.

The sole issue presented by appellant is whether the circuit court erred in finding that appellant's petition to re-open the 27 July 1989 award of compensation was barred by the five year statute of limitations provided by § 9–736 of the Labor and Employment Article. Finding no error, we shall affirm.

## DISCUSSION

Section 9–736 of the Labor and Employment Article provides, in relevant part:

(a) *Readjustment of rate of compensation.*—If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:

(1) readjust for future application the rate of compensation; or

(2) if appropriate, terminate the payments.

(b) *Continuing powers and jurisdiction; modification.*—(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment.

Appellant contends that the sick leave benefits he received should be considered as "compensation" that tolled the five year statute of limitations. We disagree.

"Compensation" is defined in § 9–101(e) of the Labor and Employment Article as "the money payable **under this title** to a covered employee or the dependents of a covered employee." (Emphasis added.) [1] Wages paid as sick leave benefits are not "money payable under this title." Sick leave payments result from employment contracts, express or implied, and are based on past service. Sick leave benefits have little, if anything, to do with whether there has been an

---

1. Both parties concede, as they must, that medical benefits are not payment of compensation under the Labor and Employment Article. See *Holy Cross Hospital of Silver Spring, Inc. v. Nichols,* 290 Md. 149, 428 A.2d 447 (1981).

"accidental injury that arises out of and in the course of employment," a claimant's "average weekly wage," the percentage or permanency of the disability suffered, or other concepts associated with workers' compensation. *See generally,* Md.Code (1991, 1999 Repl.Vol.), §§ 9–501, 9–602, and 9–614 to 637 of the Labor and Employment Article.

As the parties recognize, this is not the first time the issue of sick leave payments has been before us.[2] Nevertheless, there has never been a reported opinion resolving this issue.

---

2. In 1988, we addressed this issue in an unreported opinion in *McCormick & Company v. Paolino,* No. 833, Sept. Term 1987, 74 Md.App. 733 (filed February 18, 1988). In that case, Paolino injured her back while working for McCormick & Company. She was awarded permanent partial disability payments for 125 weeks, and her last payment of that compensation was made on or about December 1, 1978. Thereafter, the Commission entered an order as to payment of subsequent medical expenses and with respect to vocational rehabilitation, but made no further awards of monetary compensation. Although Paolino remained in McCormick's employ for some time, she was unable to work every day. McCormick continued to pay her regular wages pursuant to a company policy under which it continued the pay of an employee who, for any reason, was unable to work.

In February 1985, Paolino had an operation that she claimed was required due to the worsening of her back problem. She sought temporary total disability for that period of hospitalization. Although the Commission found that limitations was not a bar, it rejected Paolino's claim. It also held open any further claim as to permanent partial disability. Paolino appealed from the denial of the temporary total disability award and McCormick purported to cross appeal from the ruling on limitations. The circuit court granted partial summary judgment for Paolino on the limitations question, but affirmed the Commission's decision to deny temporary total disability. The circuit court entered judgment for McCormick.

McCormick then appealed to this Court on the sole issue of limitations. McCormick argued that the passage of five years since Paolino's last compensation payment barred her attempt to reopen her case. In our unreported opinion, we held that McCormick's voluntary payment of full salary to Paolino was not compensation. We held, therefore, that the passage of five years since the last payment of true compensation barred Paolino's claim for temporary total disability.

The Court of Appeals granted Paolino's petition for writ of certiorari, but was unable to address the compensation issue because it found that McCormick lacked the ability to appeal the circuit court decision to the Court of Special Appeals. *Paolino v. McCormick & Company,* 314 Md. 575, 552 A.2d 868 (1989). As a result, the issue of whether McCor-

Appellant correctly points out in his brief that, under Maryland Rule 8–114, our unreported opinion in *McCormick & Company v. Paolino*, No. 833, September Term, 1987, 74 Md.App. 733 (filed February 18, 1988) "is neither precedent within the rule of stare decisis nor persuasive authority." Accordingly, we decline appellee's invitation to "affirm" our holding in *Paolino*.

▇ We do, however, reach a similar conclusion in the instant case. We find no merit in appellant's argument that "he had no reason to request the payment of temporary total benefits" because the sick leave benefits he received were for the surgery that was necessitated by his prior compensable injuries. The payment of sick leave benefits to appellant does not qualify as "compensation" under the Workers' Compensation Law and, therefore, did not toll the running of the five year limitations period set forth in § 9–736.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**

---

mick's payment to Paolino was compensation was never addressed in a reported opinion.