# THE HOLLAND MANUFACTURING COMPANY, EMPLOYER, AND THE NEW AMSTERDAM CASUALTY COMPANY, INSURER,

## vs.

## LILLIE THOMAS, CLAIMANT.

*Lack of Jurisdiction in Lower Court—Appeal from Industrial Accident Commission.*

A judgment rendered without jurisdiction is *coram non judice,* and the question of jurisdiction may be raised by motion to quash, by motion in arrest of judgment, or in any other appropriate way, and the objection may be relied on in the Court of Appeals, though not made in the lower Court. 78

Code, Article 101, Section 56, in relation to appeals from the State Industrial Accident Commission, declares that "no such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the Commission within thirty days following the rendition of the decision appealed from," and consequently the Court to which an appeal is taken is without jurisdiction if the appeal was not taken until more than thirty days after the decision of the Commission. p. 79

*Decided February 5th, 1920.*

Appeal from the Baltimore City Court (DUFFY, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER AND STOCKBRIDGE, JJ.

*J. Richard Wilkins* and *Aubrey Pearre, Jr.,* with whom were *Stewart & Pearre* on the brief, for the appellants.

*Lawrence S. Kaufman,* with whom were *Kaufman & Kaufman* on the brief, for the appellee.

BURKE, J., delivered the opinion of the Court:

James Thomas, an employee of the Holland Manufacturing Company, while engaged in the course of his employment with that company, was caught in a certain part of the machinery of the company and was instantly killed. His mother, Lillie Thomas, the appellee, filed a claim for compensation, upon the ground of dependency, with the State Industrial Accident Commission, and that body, on June 14th, 1918, after hearing, passed an order disallowing her claim. On July 15th, 1918—thirty-one days after the decision—the claimant entered an appeal from the action of the Commission. The case was tried before a jury in the Baltimore City Court and resulted in a verdict for the claimant, and on August 4th, 1918, the Court entered a judgment reversing the decision of the Commission and remanding the case to the end that compensation may be awarded to the claimant, Lillie Thomas, in accordance with the provisions of Article 101 of the Code of Public Laws of Maryland. The appeal before us was taken by the employer and the insurer from that judgment.

The question which arises upon the facts stated, and about which there is and can be no dispute, is this: Had the Baltimore City Court jurisdiction to hear and determine the case? If it had no jurisdiction its judgment is a mere nullity and must be reversed. A judgment rendered without jurisdiction is *coram non judice,* and the question of jurisdiction may be raised by motion to quash, by a motion in arrest of judgment, or in any other appropriate way, or, without making the objection in the Court below, which was not done in this case, it may be relied on in this Court upon appeal. This is the settled law of this State. *U. S. Express Co.* v. *Hurlock,* 120 *Md.* 107,, *and cases there cited.*

Section 56 of Article 101 of the Code, relating to appeals from the decisions of the State Industrial Accident Commission, declares that: "No such appeal shall be entertained unless notice of appeal shall have been served personally

upon some member of the Commission *within thirty days* following the rendition of the decision appealed from." This language is positive and mandatory, and we have no power to disregard it. It was evidently intended to secure expedition in the review of the decisions of the Commission, and to forbid the hearing of such appeals unless taken within the time limited.

It follows that the judgment appealed from must be reversed, and the case remanded in order that the lower Court may dismiss the appeal taken by the claimant from the decision of the Commission.

*Judgment reversed, with costs and case remanded.*