## ROADWAY EXPRESS, INC. *v.* IRA B. GRAY

[No. 1161, September Term, 1977.]

*Decided July 14, 1978.*

The cause was argued before MORTON, THOMPSON and LISS, JJ.

*Raymond A. Richards* for appellant.

*John J. Garrity,* with whom were *Feissner, Garrity & Beckman* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

In *The Corsican*, a biography of Napoleon by R. M. Johnson, the Emperor admonished an aide whom he had entrusted to deliver an important message: "Go, sir, gallop and don't forget the world was made in six days. You can ask me for anything you like, except time." We, like the Little General, are unable to grant the boon of time.

This action originated on June 8, 1976, when Ira B. Gray, appellee, a former employee of Roadway Express, Inc., appellant, filed a claim with the Workmen's Compensation Commission for benefits allegedly due him by reason of an accidental injury arising out of his employment. In his claim Gray stated that the accident occurred between the 15th and 30th of June, 1974. He described the incident as follows: "Was helping maintenance man fix landing gears on trailer, I was in a stuped [sic] position pulling on something and it slipped and I reared up and hit the back of my head." The appellee's claim also stated that August 5, 1974 was the first day he lost from work because of his injury and that he returned to his employment on February 8, 1975 and remained on the job until July 8, 1975, when he was compelled to stop work because of the onset of seizures.

The Workmen's Compensation Commission, after accepting the employee's claim, notified the employer that it had set a "consideration date" of July 1, 1976 and that it would pass an order on the basis of the evidence in the hands of the Commission if no request for hearing was received by that date. It was at this point that the employer first failed to note the inexorable passage of time. No request for a hearing was filed. On July 15, 1976, on the basis of the application of the employee for compensation benefits which represented the only information before the Commission, it passed an order finding that the claimant had sustained an accidental injury arising out of the course of his employment and awarded the appellee temporary total disability benefits at the rate of $102.30 per week beginning on August 8, 1974. A copy of that order was mailed to the employer and nothing was heard from it until August 31, 1976 when it filed with the

Commission a petition to rescind and/or modify the Commission's order of July 15, 1976.

Medical reports filed with the Commission showed that the appellee had been treated at North Arundel Hospital on August 7, 1974 for severe headaches and vomiting. He was admitted to North Arundel Hospital on August 25, 1974, where his condition was diagnosed as "Basilar Artery Aneurism with Hemorrhage." He was transferred to London, Ontario where he underwent surgery on September 11, 1974. By October 13, 1975 the medical records indicated that he was suffering from a seizure disorder related to the condition, and surgery was performed. None of the records of the hospital contained any reference to a work related injury, but a subsequent medical report filed by the claimant indicated the basilar aneurysm developed from a sharp occipital trauma occurring after June 19, 1974, and rupturing on August 8, 1974.

In its petition to rescind the order of July 15, 1976 the employer gave as its reasons the following:

"1. The claimant failed to report the alleged accident as required by the Workmen's Compensation Law of Maryland.

"2. The claimant failed to file with his claim form, medical reports as required by the Workmen's Compensation Law of Maryland.

"3. There was no legally sufficient evidence before the Commission to permit it to pass an Order, other than the self-serving Employee's Claim form.

"4. The interest of justice require that this case be set for hearing."

It also requested that the Commission set the case in for a hearing and raised the following issues for decision at that hearing:

"(a) Is the employee's claim for compensation barred due to his failure to report the alleged injury as required by the Workmen's Compensation Law of Maryland?

"(b) Is the employee's claim barred for failure to

file medical reports as required by the Workmen's Compensation Law of Maryland?

"(c) Is the employee's claim barred for failure to file his claim within the time prescribed by the Workmen's Compensation Law of Maryland?

"(d) Did the employee sustain an accidental personal injury arising out of and in the course of his employment?

"(e) If the employee did, in fact, sustain an accidental personal injury arising out of and in the course of his employment, on what date did said injury occur?

"(f) Is the claimant's disability the result of an accidental personal injury arising out of and in the course of employment?

"(g) Such other and further issues as may be raised at the time of the hearing on this motion."

A hearing on the motion to reconsider was held before the Commission on October 27, 1976, and on November 4, 1976 the Commission's order of July 15, 1976 awarding the appellee compensation benefits was affirmed. The employer entered an appeal to the Superior Court of Baltimore City and the employee filed a motion to dismiss the appeal for lack of jurisdiction based upon the following reasons:

"1. That the appeal from the order of award was not timely filed in the lower court.

"2. That the appeal is not allowed by law and should be dismissed ... as the decision of the Commission to not vacate its previous decision on the same matter under Article 101, Section 40(c) is not appealable.

"3. That an appeal was not filed within the statutory period of thirty (30) days from the date of the final order in accordance with Maryland Rule B4.

On July 18, 1977, the employer filed an answer to the employee's motion to dismiss the appeal for lack of jurisdiction and also filed a supplemental petition. In both the answer and the supplemental petition the employer alleged

that the Commission's refusal to vacate its order represented an abuse of its discretion. The matter came on for hearing before Chief Judge Anselm Sodaro sitting in the Superior Court of Baltimore City. He ruled that the refusal of the Workmen's Compensation Commission to vacate its order was not appealable and further that the appeal from the order of the Commission of July 15, 1976 was not timely filed. Under these circumstances the trial judge held that the Superior Court was without jurisdiction to entertain the appeal. It is from this ruling that the within appeal was (this time) timely noted.

Appellant presents three issues to be determined by this appeal which it states as follows:

"Did the trial court err in dismissing Appellant's appeal on grounds of abuse of discretion from the refusal of the Workmen's Compensation Commission to vacate its Order of July 15, 1976 ?

"Was the refusal of the Workmen's Compensation Commission to vacate its Order of July 15, 1976, an abuse of its discretion?

"Was the Commission's Order of July 15, 1976 void?"

Appellee adds a fourth issue which he states as follows:

"Whether, after an employer has failed to file a timely appeal of a temporary total disability award, an order by the Workmen's Compensation Commission denying an untimely filed request to reopen a case under Section 40(c) for reconsideration of an issue previously decided, is an appealable decision?"

We believe it is necessary for us to consider first the issue raised by appellee because a negative answer to that question would be dispositive of this case. The thrust of appellee's argument is that the Commission's refusal to reopen or vacate its previous order under the power vested in it by Maryland Code (1957, 1976 Cum. Supp.) Article 101, Section 40 (c) was not arbitrary and unreasonable and that the trial court was correct in determining that the date of the original

order was the effective date for the determination of whether or not the appellant had exercised in a timely fashion its rights to review. If it had not, then the appeal had to be dismissed as the court would then have had no jurisdiction over the controversy. We agree with the trial judge that the appellant had not exercised its right to review within the time limits established by the statute and by the Maryland Rules and that the Superior Court, therefore, was without jurisdiction. We shall affirm.

The review of any final action of an administrative agency by a court where such review is specially authorized by statute is governed by the B rules of Chapter 1100 of the Maryland Rules of Procedure. Rule B4 a sets the time for filing a motion for review as 30 days from the date of the action appealed from. It is conceded that the employer received notice of the filing of appellee's claim, that it also was notified that the claim would be considered on July 1, 1976 and that in the absence of a request for a hearing the Commission would pass an order on the basis of the information in the hands of the Commission on the consideration date. No request for a hearing or other means of raising issues was filed by the employer prior to the date of consideration. An order awarding temporary total compensation was filed on July 15, 1976. The employer under Rule B4 a had 30 days from that date to seek review in the Circuit Court of the Commission's order, but no order for appeal was filed. The employer gives as its excuse for the failure to file its appeal within the time allowed the statement that it was investigating the claim and that while it recognized that an appeal "would have entitled it to a trial de novo," such an appeal "would seem to be a superfluous activity."

The Court of Appeals, in *Holland Mfg. Co. v. Thomas,* 136 Md. 77, 79, 110 A. 209 (1920), a case involving the question of jurisdiction where an appeal was not timely filed, stated,

> "This language is positive and mandatory, and we have no power to disregard it. It was evidently intended to secure expedition in the review of the decisions of the Commission, and to forbid the

hearing of such appeals unless taken within the time limited."

Appellant seeks to avoid the result of its failure to exercise its rights in a timely fashion by suggesting that the original order of the Commission was void because the appellee failed to abide by the requirements of the Workmen's Compensation Law in that he failed initially to notify the employer of the accident and failed to file medical reports with his claim form as required by the statute. These allegations are, however, matters of defense which were available to the employer had he exercised his right to raise issues prior to the consideration date, or his right to request a hearing, or his right to appeal and have the case heard de novo — none of these rights were exercised in a timely fashion. To permit the appellant to raise these issues in a collateral proceeding would defeat the purpose of requiring appeals to be filed within a mandatory period.

In *Gold Dust Corp. v. Zabawa,* 159 Md. 664, 152 A. 500 (1930), the Court differentiated between the facts before it and those in *Bethlehem Shipbuilding Corp. v. Simmons,* 143 Md. 506, 122 A. 678 (1923), where the request was made to the Commission that it reopen a claim in order to consider new conditions arising from aggravation, diminution or termination of injury, when such questions had not previously been passed upon by the Commission. The Court stated that an appeal from the refusal of the Commission to reopen was available under those circumstances because of the continuing jurisdiction of the Commission to consider these matters. It made it clear, however, as is shown by the following quotation from *Gold Dust,* that this power in the Commission did not bear upon the right of appeal:

"As there is no limitation upon the number or times of applications for reopening, it would follow that, if an appeal may be allowed from refusal to reopen even where there is no change in the injury, there would be no ground for stopping short of allowing all cases past and future to be carried to the trial courts for review at any time.

"The provision ... for continuing jurisdiction in the commission in all cases, and power to make from time to time such modification or change with respect thereto, as in its opinion may be justified, seems to provide nothing more than a power to reopen, and we do not see that it bears upon the right of appeal.

"The fact that additional testimony was produced before the commission, at its hearing on the motion to reopen, seems to the court not to render the decision any other than a decision against reopening. The decision would seem analogous to a refusal to grant a new trial upon newly discovered evidence.

"It results from these conclusions that the appeal from the commission's ruling should have been dismissed in the court below, and that the judgment of the court should be reversed and the case remanded for the dismissal now." *Id.* 159 Md. at 668-69.

In *Robin Exp., Inc. v. Cuccaro,* 247 Md. 262, 230 A. 2d 671 (1967), the Court of Appeals had before it a case in which the employer, in a situation analogous to *Gold Dust* and the case *sub judice,* appealed the Commission's refusal to reopen the case under Code (1957) Article 101, Section 40 (c). The trial judge dismissed the appeal, holding:

"From the various authorities submitted by the employer, it is evident that there is a broad power given the Commission to reopen but the right of appeal from a refusal to reopen is limited to situations involving aggravation,, diminution, or termination of an injury [under Sec. 40 (b)]. This type of situation is not involved in the case at bar [which arises under section 40 (c)]." *Id.* 247 Md. at 263-64.

The Court, in affirming the lower court, applied the principles laid down in *Gold Dust, supra,* and said:

"If a court or administrative body reopens a case its second decision, be it the same or different from its

previous decision, is a new holding; if it refuses to reopen, it decides only not to interfere with its previous decision but stands unimpeached as its original date." *Id.* at 264.

In *Cogley v. Schnaper and Koren Const. Co.,* 14 Md. App. 322, 286 A. 2d 819 (1972), we had before us a case in which a subcontractor attempted to attack collaterally a decision of the Workmen's Compensation Commission from which no appeal had been taken. In refusing to permit such an attack we relied on the holding in *Wors v. Tarlton,* 234 Mo. App. 1173, 95 S. W. 1199 (1936), wherein it was stated:

" 'In this instance the record of the cause before the commission shows only that the claim was one by plaintiff, the employee, against the Illinois Terminal Company, his employer, for compensation for injuries received while 'working on a flat car leveling off dirt'; and in its final award the commission found that plaintiff was entitled to recover for his accident 'as provided in the Missouri Workmen's Compensation Law.' By virtue of such award the commission must be held to have resolved the question of its jurisdiction in its own favor [Morrison v. Term. R.R. Ass'n (Mo. App.) 57 S.W.2d 775, 776], and the face of the award, instead of disclosing a lack of jurisdiction so as to render the same void, purports instead to show proper jurisdiction in the commission in view of the recital that the award was rendered 'as provided in the Missouri Workmen's Compensation Law,' thus indicating that the commission must necessarily have found that the case was not one exclusively covered by any federal law, else it could and would not have assumed jurisdiction over it. *Moreover, no appeal was taken from the award, so that whether it was actually right or wrong upon the question of fact before the commission, it in any event became final and conclusive as to the matters adjudicated thereby, and is as impregnable to the present*

*collateral attack* made upon it as though it had been rendered by a court rather than by a mere statutory board of arbitrators.' (Emphasis supplied)." *Id.* 14 Md. App. at 329-30.

Appellant has in its quiver one more arrow which it dispatches into the wild blue yonder but which falls, alas, to the earth without wounding its quarry. It seeks to avail itself of the provisions of Code (1957, 1976 Cum. Supp.) Article 101, Section 56 (e) which provides in pertinent part as follows:

"A motion for rehearing may be filed within seven days from the date of the decision of the Commission, only upon grounds of error of law, or newly discovered evidence.... If a motion for rehearing is filed, the time within which an appeal can be taken from the decision shall commence from the time of the ruling by the Commission on the motion." ·

The original order in this case was filed on July 15, 1976. A motion for rehearing was available to the employer for a period of seven days thereafter. The motion for rehearing was not filed until September 1, 1976. We think that the holding and rationale advanced by the Court of Appeals in *Gold Dust Corp. v. Zabawa, supra,* is controlling in this case. *See: Charles Freeland and Sons, Inc. v. Couplin,* 211 Md. 160, 126 A. 2d 606 (1956). In *Gold Dust,* a claimant, subsequent to his failure to file a timely appeal, petitioned the Commission to reopen the case. Upon the Commission's refusal to modify or change its ruling, the claimant filed an appeal to the Superior Court of Baltimore City. The Court stated that the issue raised by the appeal was as follows:

"When a claim for compensation has been disallowed by an order of the State Industrial Accident Commission, on the ground that the workman did not sustain an accidental injury arising out of and in the course of his employment, and no appeal has been taken by the workman from that order and no notice of appeal given by him, within the period of thirty days limited in section 56

concerning appeals, can he then, upon application to the Commission for a reopening of the question, and a refusal of his application, prosecute an appeal within thirty days from that refusal?" *Id.* 159 Md. at 665.

In a comprehensive analysis of the problem, the Court stated:

"The refusal to reopen was a decision, of course, but it was only a decision not to interfere with a previous decision settling the merits of the claim. And it is regularly considered that a decision declining to interfere with a previous decision is not one intended to be included under a general statutory allowance of appeal from any decision. . . . 'There is a perceptible analogy between an application for a rehearing and a motion for a new trial in a court of law; and in either case the party affected by an adverse ruling cannot invoke the interposition of an appellate tribunal for the correction of supposed errors.' " (Citations omitted). *Id.* 159 Md. at 666-67.

Appellant seeks to avoid the effect of the authorities we have quoted by suggesting that the refusal of the Workmen's Compensation Commission to vacate its order of July 15, 1976 was an abuse of its discretion. It contends that the Commission's action was "not the exercise of will but perversity of will, not an exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias," *Wendel v. Swanberg,* 384 Mich. 468, 185 N.W.2d 348, 351 (1971), and that its abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency," *Arvidson v. Bd. of County Commissioners,* 269 N.E.2d 432, 438 (C.C.P., Ohio 1971), or an abuse of discretion which "implies an unreasonable, arbitrary and unconscionable attitude on the part of the court," *State v. Fellows,* 352 N.E.2d 631, 633 (Ohio 1975).

Appellant concedes that as a general rule a refusal by the Commission to vacate a previous order is not reviewable on appeal. That rule is based on an analogy between the Commission's refusal to reopen a claim and a trial court's

denial of a motion for a new trial. It suggests, however, that this general rule is subject to the caveat that where there has been a clear abuse of discretion by an administrative body or a trial court, a refusal to reopen a claim or grant a new trial might be reviewable on appeal. It contends that the Commission's refusal to consider the alleged failure of the employee to comply with several requirements of the Workmen's Compensation statute amounted to a denial of substantial rights of the employer and, therefore, was an abuse of discretion.

We do not agree. All of these alleged violations were matters of defense which were available to the employer from the date the claim was filed. To permit the employer — who failed to interpose a defense before the order awarding temporary total compensation was issued, who failed to timely note an appeal and who failed to file a motion for reconsideration within the seven days allowed — to raise issues of defense for the first time at the trial court level and to appeal to this Court from an adverse decision, would be manifestly improper. In effect, the appellant pleads with us "Backward, turn backward, O Time in your flight,/ Make me a [litigant] child again just for tonight." [1] We decline!

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

[1] Elizabeth Akers Allen (1832-1911) "Rock Me to Sleep" (1860) at 1.