509 A.2d 1236

**Thomas Claude JUDGE**

v.

**R AND T CONSTRUCTION COMPANY, et al.**

**No. 1365, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

June 9, 1986.

Certiorari Denied Sept. 30, 1986.

58

Ronald S. Canter, Rockville, for appellant.

Theodore B. Cornblatt (William R. Van Wambeke and Smith, Somerville & Case, on brief), Baltimore, for appellees.

Argued before MOYLAN, ADKINS and ROSALYN B. BELL, JJ.

ADKINS, Judge.

The question put to us in this case is whether the Workmen's Compensation Commission, once it has permitted a claimant to withdraw a claim prior to award or denial of compensation, may subsequently permit the claimant to reopen the claim. The essential facts are stipulated.

On October 28, 1981, appellant, Thomas Claude Judge, "sustained multiple injuries resulting from an accident occurring in Gaithersburg, Maryland and arising out of and in the course of his employment with" appellees, his employers. The injuries rendered Judge a respirator dependent quadriplegic.

In November 1981, Judge filed a compensation claim with the Maryland Workmen's Compensation Commission. On December 11, however, Judge requested that the claim be withdrawn because he intended to file a claim with the Virginia Industrial Accident Commission, of which state he was a resident. On December 16 the Maryland Commission ordered that the claim "be and the same is hereby withdrawn."

On February 2, 1982, the Virginia Commission "awarded ... Judge compensation benefits during the course of his disability, and further awarded him medical benefits for as long as required." Later, however, that Commission denied Judge's request to be furnished with a specially-equipped van and to require the carrier "to modify his residence to make it accessible for his uses as a wheelchair bound quadriplegic accident victim." On October 27, 1983, Judge requested the Maryland Commission to reopen his 1981 claim for further proceedings. The Commission denied that request on November 2, 1984, and dismissed Judge's claim "for lack of jurisdiction...."

Judge appealed to the Circuit Court for Montgomery County, where cross-motions for summary judgment were filed. The court granted appellees' motion. This appeal followed.

The statute that Judge claims empowers the Commission to reopen his withdrawn 1981 claim is Art. 101, § 40 (c), which provides:

The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no

modification or change of any award of compensation shall be made to the Commission within five years next following the last payment of compensation.

The Court of Appeals has described this subsection as "by its terms plain and unambiguous [leaving] no room for interpretation." *Adkins v. Weisner,* 238 Md. 411, 414, 209 A.2d 255 (1965). Judge points to the grant of "continuing" jurisdiction to the Commission and to its power to "make ... changes with respect to former ... orders...." He notes the undisputed fact that the Commission entered an order permitting him to withdraw his initial claim, and argues that § 40(c) authorizes the Commission now to change that former order.

██ Appellees, on the other hand, treat the Commission's action of November 2, 1984, as a denial of Judge's request to reopen. They contend (correctly) that no appeal lies from the denial of such a request. The subsection gives the Commission discretion to reopen or not to reopen. *Stevenson v. Hill,* 170 Md. 676, 683, 185 A. 551 (1936) (construing former Art. 101, § 54). Its exercise of that discretion, when it refuses to reopen, ordinarily is not reviewable. *Gold Dust Corp. v. Zabawa,* 159 Md. 664, 152 A. 500 (1930); *Roadway Express, Inc. v. Gray,* 40 Md.App. 66, 389 A.2d 407, *cert. denied,* 283 Md. 737 (1978).

The problem with appellees' argument is that it depends on the Commission's exercise of discretion to deny reopening. "Discretion," we have said, "signifies choice"—that is, a reasoned decision based on the weighing of various alternatives. *Hart v. Miller,* 65 Md.App. 620, 626, 501 A.2d 872 (1985). Had the Commission considered the pros and cons of reopening Judge's claim, and then refused to do so, we would agree with appellees. But that is not what happened. The Commission exercised no discretion. It concluded it lacked jurisdiction to reopen and for that reason dismissed the claim. Under these circumstances, the *Gold Dust— Roadway* line of cases does not bar an appeal.

We hold, however, that § 40 (c) does not permit reopening in this case. We understand that the worker compensation

law " 'should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes' and that any uncertainty 'should be resolved in favor of the claimant.' " *Holy Cross Hospital v. Nichols*, 290 Md. 149, 162, 428 A.2d 447 (1981) (quoting *Howard County Association for Retarded Citizens v. Walls*, 288 Md. 526, 530, 418 A.2d 1210 (1980)). But we can read this unambiguous statute only as liberally "as its provisions will permit...." We turn, then, to those provisions.

Subsection (c) is one of four subsections of § 40. Subsection (a) requires the Commission to "make or deny an award" within a specified time. Subsection (b) permits readjustment or termination of compensation "[i]f aggravation, diminution or termination of disability takes place or is discovered after the rate of compensation shall have been established or compensation terminated...." Subsection (d) discusses the effect of fraud or estoppel on failure to file a reopening application. It is in no way implicated here.

■ The first two subsections deal with situations in which the Commission is required to make or deny an award; that is, in which it has taken some action to decide the merits of a claim. Reading § 40 as a harmonious whole, *Farmers & Merchants Bank of Hagerstown v. Schlossberg*, 306 Md. 48, 56, 507 A.2d 172 (1986), we conclude that subsection (c) applies to the reopening of that kind of order or decision. That reading is supported by the very language of (c). The Commission's power to "make such modifications or changes" is with respect to its *"former findings or orders with respect thereto"* [emphasis supplied]. In the case before us, the only findings were those made by a totally different tribunal, the Virginia Commission. It is not those findings that Judge sought to reopen, and in any case, they are irrelevant for the purposes of § 40 (c). The Maryland Commission, on the other hand, made no *findings* in its December 16, 1981, withdrawal order. That order was not one "with respect" to any findings, because there were none. The Commission simply

granted Judge's request to withdraw his claim. Such an order is not subject to reopening under § 40 (c).[1]

This conclusion is not affected by our comment in *Subsequent Injury Fund v. Baker,* 40 Md.App. 339, 345, 392 A.2d 94 (1978) that Maryland "has one of the broadest reopening statutes"—a view concurred in by Professor Larson. 3 A. Larson, *Larson's Workman's Compensation Law* (1983), § 81.52 (c) n. 89. *Baker* was a case in which a prior award had been made. That is true of the authorities discussed in *Baker,* and it is also true of the authorities discussed by Professor Larson. As he observes in § 81.52 (c), "Some broad reopening statutes give the Commission blanket power to make such changes *in awards* as are in its judgment justified" [emphasis supplied]. This statement obviously presupposes the existence of a prior award or some earlier decision on the merits of a claim. That is a factor lacking here.

To conclude that § 40 (c) does not empower the Commission to "reopen" Judge's claim does not, however, dispose of this case. As we have seen, in December 1981, the Maryland Commission allowed Judge to withdraw his claim. In *Plater v. Kane Warehouse Co., Inc.,* 241 Md. 462, 217 A.2d 102 (1966), the Court of Appeals held that § 40 (c) gave the Commission authority to permit withdrawal of a claim after an award had been made. That holding is completely consistent with our holding here, since in *Plater* (in contrast to the present case) there was an existing award upon which the Commission could exercise its § 40

---

1. This reading of the statute seems consistent with the interpretation the Commission has given it in its Rule 12. That rule requires an application for review (reopening) to state in detail all matters upon which the Commission is being required to change or modify its prior findings or orders. COMAR 14.09.01.12B. This clearly assumes some prior findings on the merits of the claim. An agency statute or rule and the agency's long-standing construction of it are entitled to weight. *Board of Education of Dorchester County v. Hubbard,* 305 Md. 774, 790–91, 506 A.2d 625 (1986); *Maryland Commission on Human Relations v. Bethlehem Steel Corp.,* 295 Md. 586, 457 A.2d 1146 (1983); *National Asphalt Pavement Assoc., Inc. v. Prince George's County,* 292 Md. 75, 437 A.2d 651 (1981).

(c) power. For present purposes, the importance of *Plater* lies in the analogy the Court of Appeals used to support its holding. The Court looked to former Md. Rule 541 b, which allowed voluntary dismissal of an action at law only by stipulation of all parties or by leave of court, after evidence had been taken. *Compare* present Rule 2–506 (b). The Court found Rule 541 b "to be readily adaptable to the case at bar." 241 Md. at 468, 217 A.2d 102. It held, on the facts before it, that "the Commission's decision to allow [Plater] to withdraw was proper." 241 Md. at 470, 217 A.2d 102.

The situation confronting us is not one that would have been covered by former Rule 541 b or that would be covered by present Rule 2–506(b). In December 1981, no evidence had been taken. So far as the record reveals, appellees had by then made no response to the claim. The analogous rule, then, is Rule 2–506 (a) which permits a plaintiff to dismiss an action without leave of court if he does so by stipulation of dismissal signed by all parties (obviously not the case here) or by filing notice of dismissal "at any time before the adverse party files an answer or a motion for summary judgment...."

Since no response to the claim had been filed, it may be that (looking to Rule 2–506 (a)), Judge could have withdrawn his claim without Commission approval. That is a point we need not decide. The point is that he voluntarily dismissed the claim. When a lawsuit is so dismissed under Rule 2–506 (a), the plaintiff, if he wishes to sue again, ordinarily does not move to "reopen" or "revive" the former action. He or she files a new suit. If the voluntary dismissal is without prejudice (as it clearly was here, *see* Rule 2–506 (c)), there is nothing to prevent him or her from doing so, provided the statute of limitations has not run. *See Williams v. Snyder*, 221 Md. 262, 266–67, 155 A.2d 904 (1959).

■ Judge's application to reopen was filed within the two-year period of limitations provided by Art. 101, § 39 (a). Under the circumstances of this case, we hold that the Commission should have treated this as the filing of a new

claim, just as a court would treat the filing of a lawsuit after voluntary dismissal without prejudice. Accordingly, we shall vacate the judgment of the Circuit Court for Montgomery County and remand with directions to remand the case to the Commission for further proceedings consistent with this opinion.[2] This action, we believe, is consistent with the benevolent purposes of the worker compensation law.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND IT TO THE WORKMEN'S COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. APPELLEES TO PAY THE COSTS.

---

2. Our decision does not necessarily mean that Judge will be before the Commission on the merits of his claim. Art. 101, § 39 (a) requires a claimant to take certain actions within 60 days after injury. The record does not disclose whether he did so. In any case, such a failure may be excused, but whether to do so is for the Commission to decide, just as it should initially determine the effect, if any, of Judge's receipt of Virginia compensation benefits. Since the record suggests that Judge and appellees are all residents of Virginia and that Judge's contract of employment was entered into there, Art. 101, § 21 (c)(4) might have some bearing on the case. None of these matters were raised on appeal and we express no opinion as to them or as to other issues that may properly be raised before the Commission.