643 A.2d 501

Charles M. SOUTHERLY

v.

PERFECT AUTO RADIATOR COMPANY, INC., et al.

No. 1391, Sept. Term, 1993.

Court of Special Appeals of Maryland.

June 30, 1994.

114

Harry W. Blondell, William R. Lenck (William J. Blondell, Jr., Chartered on the brief), Baltimore, for appellant.

Jeffrey W. Ochsman (James J. Gallinaro and Friedlander, Misler, Friedlander, Sloan & Herz on the brief), Washington, D.C., for appellees.

Argued before BISHOP, WENNER and MOTZ *, JJ.

BISHOP, Judge.

Appellant, Charles M. Southerly, filed a claim for benefits ("Claim 733") in the Workers' Compensation Commission after

---

* Motz, J. participated in the argument and decision in this case but resigned from the Court prior to the filing of the opinion.

allegedly suffering a disabling occupational disease on January 1, 1988, resulting from occupational exposure to lead. At a hearing held on November 29, 1989, Southerly requested that the claim be dismissed. The Commission dismissed the claim on December 8, 1989, and, on February 22, 1990, after the two year statute of limitations had run, Southerly filed another claim for benefits ("Claim 949"). After hearings, the Commission disallowed Claim 949, finding that it was barred by the statute of limitations and that estoppel was inapplicable.

Southerly then filed a motion for rehearing under Claim 949, which the Commission granted. Thereafter, the Commission treated Claim 949 as a motion to reinstate Claim 733, and rescinded and annulled its order of December 8, 1989. The Commission then ordered that appellees, Perfect Auto Radiator Co., Inc. ("Radiator") and the Injured Workers' Insurance Fund (the court later determined that Transamerica Premier Insurance Co. ("Transamerica") was the correct insurer), pay Southerly's medical bills. Appellees appealed that order to the Circuit Court for Baltimore City, which granted their motion for summary judgment. Consequently, Southerly noted a timely appeal to this Court.

## Issue

Southerly raises a single question, which we rephrase as follows: Does the Commission have the discretion to annul an order and reinstate a claim for benefits that was dismissed voluntarily by the claimant and not refiled within the applicable statute of limitations?

## Facts

Southerly, a radiator repairman for Radiator, timely filed Claim 733 with the Commission for injuries to his head, body, and limbs. On February 8, 1988, Radiator filed its First Report of Injury, and the two year statute of limitations began to run. Southerly asserted in his claim that he had "worked for years around lead materials [and] OSHA told me on [February 22, 1988 that] I had a high lead count." On November 29, 1989, Southerly presented his claim at a hearing

before the Commission, "at which time it was requested, on behalf of the claimant, that the above entitled claim be dismissed." The Commission dismissed the claim.

On February 26, 1990, Southerly filed Claim 949, alleging exposure to lead and listing the date of his disablement as January 17, 1990. Hearings were held before the Commission with respect to Claim 949 and, in an order dated December 7, 1990, the Commission dismissed the claim as time-barred, finding that the actual date of Southerly's disablement was January 1, 1988. Southerly thereafter filed a motion for rehearing.

At the hearing, the Commission made the following pertinent statements:

Procedurally this case is one of the more difficult ones that I've ever been presented with. I'm well aware of the fact that Mr. Southerly was represented by Mr. Goodman or someone from Mr. Goodman's office at the time of the first hearing before Commissioner Jefferson. It was proffered to me that there was certain information that was lacking at that time and Commissioner Jefferson in effect gave Claimant's counsel the option of dismissing the case or proceeding.

\* \* \* \* \* \*

My order—let me preface that. What I'm trying to do is do justice, which is very difficult at times when you have procedural constraints. The claim was initially filed, was filed timely, and I know it was dismissed, withdrawn, whatever you want to call it.

It is my position that the Claimant had a compensable occupational disease and through some procedural problems that were initiated by a lack of evidence that claim was dismissed and a new claim was filed. I don't think it fair, equitable, that the Claimant be deprived of his right to compensation when a timely claim was in fact filed and I do not deem that dismissal or withdrawal of the claim to be fatal to the Claimant's case.

\* \* \* \* \* \*

First of all, ... you talk about a claim being dismissed. There's nothing in this statute about dismissing or withdrawing claims or what its effect can be. There have been a couple of appellate decisions on that, and I don't remember the name of the case, but I'm familiar with the cases. But this is not a court and we are not bound by strict procedural rules. And if a claim was filed and then withdrawn, dismissed, whatever words you want to use, other than by order of the Commission, I mean a Commission finding, not simply writing down on paper what the parties say, I am not going to use that procedural escape clause because I don't think it's valid.

The Claimant had a valid claim which was filed in a valid manner within the correct timeframe [sic], and through something that occurred you would like to take that right away from him and I don't want to do that. And I can use my discretionary powers to find that the second, quote, claim was in fact a petition to reopen the first claim, which is what I did. That is why I found the date of disablement to be the original date that was alleged.

* * * * * *

And I am not bound to find a date of disablement as alleged by a party. I'm free to find that date depending on the evidence that's presented to me. And as long as all parties had a right to be represented and had notice of that claim, because it's very—it's not unusual in occupational disease cases to start a hearing, find out that there's a date of disablement different than what was originally alleged, and then to discover either it's a different employer or a different insurer with that other date of disablement to postpone the proceedings, implead those parties and then proceed when everybody is present.

* * * * * *

It would seem to me that if you want to get into procedures now that if the Court finds that my order of March 16th, 1992, is in error, and that the second claim was not a motion to reinstate the first, then that in effect reopens,

reinstitutes that second claim and you have the defense of statute of limitations. But I'm not going to decide that issue, because as far as I'm concerned that issue doesn't exist, because it's conceded that the first claim was timely filed, and if I'm right that the second claim is a motion to reinstate which was granted then the first claim was timely filed and there is no statute of limitations issue. So if you get me reversed it will have to be on the procedural aspect that the claim was—that the second claim was not a motion to reinstate.

The Commission issued an order rescinding and annulling its order dated December 8, 1989 and ordered that Southerly's employer and its insurer pay his medical bills in accordance with the Commission's Medical Fee Guide.

Radiator and Transamerica filed a motion for summary judgment in the circuit court, alleging that the Commission's broad discretionary powers do not permit the Commission to disregard the statute of limitations in order to revive a defunct claim. The court granted the motion and stated:

There has to be a factual finding, as Mr. Blondell alluded to in the other cases, by the Court that there was some occurrence, some incident, or some ruling which was a technicality and was not substantial to toll the statute of limitations, and that hasn't happened here. This is a clear, pure statute of limitations case.

The claimant, for whatever reason—and, obviously, it's not Mr. Blondell's fault—didn't file, didn't do it. He let the two years go by and he didn't refile. He didn't request reconsideration, reopening or whatever and for that reason the statute of limitations expired, and my understanding is that there is no power in any court to reinstate a claim after a statute of limitations has expired, barring some either legal or factual basis for tolling, and we don't have that here.

### Discussion

"The Commission has continuing powers and jurisdiction over each claim filed under [the Maryland Workers' Compen-

sation Act]." Md.Lab. & Empl.Code Ann. § 9–736(b)(1) (1991) ("§ 9–736"). In addition, the Commission "may modify any finding or order as the Commission considers justified," *id.* § 9–736(b)(2), except that "the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment," *id.* § 9–736(b)(3). Southerly argues that § 9–736 empowers the Commission to reinstate a claim that has been voluntarily dismissed and for which the statute of limitations has run.

■ Reading Art. 101, § 40 (the predecessor to § 9–736), as a harmonious whole, we concluded in *Judge v. R & T Constr. Co.,* 68 Md.App. 57, 61, 509 A.2d 1236, *cert. denied,* 307 Md. 433, 514 A.2d 1211 (1986), that

> [t]he Commission's power to "make such modifications or changes" is with respect to its *"former findings or orders with respect thereto"*. The Maryland Commission . . . made no *findings* in its December 16, 1981, withdrawal order. That order was not one "with respect" to any findings, because there were none. The Commission simply granted [the claimant's] request to withdraw his claim. Such an order is not subject to reopening under § 40(c).

The revisor's note to § 9–736 indicates that it was "derived without substantive change from former Art. 101, § 40(b) through (d)." In light of *Judge,* therefore, the Commission is without authority under § 9–736 to modify or change an order unless a prior award or finding has been made. The Commission's blanket power to make changes pursuant to § 9–736 "presupposes the existence of a prior award or some earlier decision on the merits of a claim." *Judge,* 68 Md.App. at 62, 509 A.2d 1236.

In *Suber v. Washington Metro. Area Transit Auth.,* 73 Md.App. 715, 536 A.2d 142 (1988), we indicated that, to exercise its revisory powers under § 9–736, the Commission must have made findings with respect to the claim:

> Because, "[i]n a real sense, § 40(c) gives the Commission a revisionary power akin to that available to courts under Md.Ann.Code Courts article § 6–408, and Maryland Rule

625 a. [present Rule 2–535], but without the thirty day limitation," it is clear that the Commission is not *"irrevocably bound by its earlier findings."*

73 Md.App. at 720–21, 536 A.2d 142 (*quoting Vinci v. Allied Research Assocs., Inc.,* 51 Md.App. 517, 522, 444 A.2d 462 (1982) (emphasis added) (footnote omitted)). Further, we noted in *Suber* that § 9–736 "authorizes the Commission to reopen a case for the purpose of reconsidering *an issue already decided,* even in the absence of a change of facts or newly discovered evidence." *Id.* 73 Md.App. at 720, 536 A.2d 142 (citations omitted).

In the case *sub judice,* the Commission reinstated the claim because the parties conceded that the first claim was timely filed, and "if . . . the second claim is a motion to reinstate . . . then the first claim was timely filed and there is no statute of limitations issue." Despite the Commission's laudable efforts to determine "what's the right thing to do," our decision in *Judge* makes clear that a claimant who voluntarily dismisses his claim without prejudice must refile that claim within the two year statute of limitations.

> The point is that [Southerly] voluntarily dismissed the claim. When a lawsuit is so dismissed under Rule 2–506(a), the plaintiff, if he wishes to sue again, ordinarily does not move to "reopen" or "revive" the former action. He or she files a new suit. If the voluntary dismissal is without prejudice . . ., there is nothing to prevent him or her from doing so, *provided the statute of limitations has not run.*

*Judge,* 68 Md.App. at 63, 509 A.2d 1236 (emphasis added). Nothing in the Workers' Compensation Act empowers the Commission to reinstate or "reopen" a claim that was voluntarily dismissed and has since expired under the statute of limitations.

The Commission, in the case *sub judice,* attempted to administer the "workers' compensation law according to its letter and its spirit;" however, it ignored § 9–711(a), which provides that "[i]f a covered employee suffers a disablement . . . as a result of an occupational disease, the covered employ-

ee ... shall file a claim with the Commission within 2 years ... after the date ... of disablement ... or ... when the covered employee ... had actual knowledge that the disablement was caused by the employment." Moreover, § 9–711(b) provides that the "failure to file a claim in accordance with [§ 9–711(a) ] bars a claim under [the] title."

"Undoubtedly the Act is to be construed liberally in favor of injured employees and to effectuate its remedial purposes, but a liberal rule of construction does not mean that courts [and the Commission] are free to disregard the provisions comprising the Act." *Montgomery County v. McDonald,* 317 Md. 466, 472, 564 A.2d 797 (1989). In *McDonald,* the Court of Appeals applied the following rule of construction with respect to the statute of limitations:

"[T]he general purpose of the applicable workmen's compensation act to compensate injured workers should not be used to interpret the limitations provision, because the very existence of a limitations provision in the act indicates that the legislature has deliberately compromised the general compensation purpose in the interests of the purposes served by a limitations provision."

*Id.* (*quoting* Kelley, *Statutes of Limitations in the Era of Compensation Limitations Provisions for Accidental Injury Claims,* 1974 Wash.U.L.Q. 541, 603).

Southerly does not allege that, after Claim 733 was dismissed on December 8, 1989, he was prevented from filing Claim 949 within the statutory period, *i.e.* before January 1, 1990. Moreover, there is no indication that Southerly's request to dismiss Claim 733 was other than voluntary. Southerly fails to cite any provision of the Workers' Compensation Act that allows the Commission to disregard the statute of limitations in order to allow an unknowing claimant to present an otherwise time-barred claim. "[C]ourts are required to enforce the Statute of Limitations as adopted by the Legislature and have no authority to create an unauthorized exception merely on the ground that such an exception would be within the spirit or reason of the statute." *Young v. Mayne*

*Realty Co.*, 48 Md.App. 662, 666, 429 A.2d 296 (1981). Similarly, the Commission must enforce the statute of limitations provided in § 9–711, and has no power to create an unauthorized exception simply because such an exception purportedly conforms with the spirit and reason of the Workers' Compensation Act. We, therefore, affirm the decision of the circuit court.

**JUDGMENT AFFIRMED. APPELLANT TO PAY THE COSTS.**