810 A.2d 1022

MONA ELECTRICAL SERVICES, INC., et al.,

v.

Wade O. SHELTON.

No. 01538, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Nov. 7, 2002.

Janis R. Harvey (Semmes, Bowen & Semmes, P.C., on the brief), Baltimore, for appellants.

Robert Earl Wilson (Wilson & Parlett, on the brief), Upper Marlboro, for appellee.

Argued before KRAUSER, BARBERA, THEODORE G. BLOOM (Retired, specially assigned), JJ.

KRAUSER, Judge.

Section 9–736(b)(3) of the Workers' Compensation Act ("Act") provides that the Workers' Compensation Commission "may not modify an award unless the modification is applied for within five years after the last compensation payment." Md.Code Ann. (1991, 1999 Repl.Vol.), § 9–736 of the Lab. & Empl. Article [1]. The question presented by this appeal is whether the five-year limitations period of that provision bars a claim for permanent disability benefits made more than five years after the last payment of temporary total disability benefits, when no award has ever been made by the Workers' Compensation Commission ("Commission").

The Commission said it did and dismissed the claim of appellee, Wade O. Shelton, for permanent disability benefits because it was filed more than five years after appellants, Mona Electrical Service, Inc. and its insurance carrier, Assurance Company of America/Zurich American Insurance Company, had made the last payment of temporary disability benefits to appellee. The Circuit Court for Calvert County disagreed and held that, in the absence of an award, § 9–736(b) was simply not applicable and hence appellee's claim was not barred.

Appellants now request that we review that decision. Urging this Court to reverse the circuit court's decision, they argue that not only was appellee's request for permanent total disability benefits barred by the five-year limitations period imposed by § 9–736(b), but the Commission lacked the jurisdiction to even consider that request. After reviewing this matter, we reject both contentions and shall affirm the judgment of the circuit court.

---

1. Unless otherwise noted, all statutory references are to the Labor and Employment Article of the Maryland Code Annotated.

## FACTS

This case commenced when Mona Electric employee, Wade O. Shelton, filed a workers' compensation claim for neck and back injuries he suffered in an automobile accident on August 30, 1991 while working for Mona Electric. In response, appellants filed "contesting issues" challenging appellee's claim to workers' compensation benefits. That placed appellee's claim in dispute. Consequently, the Commission scheduled a hearing on appellee's claim for September 17, 1992.

Before that date, however, appellants notified the Commission, by letter dated September 4, 1992, that they were withdrawing their challenge to appellee's claim and had "elected to accept the subject claim as compensable." The letter requested that the scheduled hearing be continued, but did not request the issuance of an award reflecting the benefits it had agreed to pay. The hearing was continued, as requested, to be "reset on request."

For the next three years, beginning on August 31, 1991 and ending on September 16, 1994, appellants paid appellee temporary total disability benefits. During that time, no request was made by either party for the Commission to issue an award. With its last compensation payment, appellants notified appellee that they were discontinuing payments because he had attained maximum medical improvement. Three years later, when appellee could not obtain appellants' approval for surgical procedures recommended by his physicians, he filed "issues" requesting an emergency hearing. The parties were ultimately able to resolve their differences, and that hearing was also continued at their request.

On November 1, 1999, more than five years after the last compensation payment, appellee filed issues with the Commission, requesting a determination of the "nature and extent of the permanent disability" to his "body as a whole (back)." In other words, he sought permanent total disability benefits. At the hearing that followed, the Commission found that the claim was "barred by limitations." Challenging that decision, appellee filed a petition for judicial review in the Circuit Court

for Calvert County. The petition also named the Subsequent Injury Fund as a party because appellee had previously injured his back in 1983, while working as an electrician.

Granting appellee's motion, the circuit court reversed the Commission's dismissal of his claim, remanding it to the Commission for further proceedings. That decision is now before us.

## Discussion

### I.

Appellants contend that the circuit court erred in reversing the Commission's determination that appellee's claim for permanent total disability benefits was barred by § 9–736(b)(3) of the Act because the Commission had no jurisdiction to consider that claim and, if it did, the claim was barred by § 9–736(b)(3)'s five-year limitations period.

We begin our analysis by noting that a decision of the Commission is "presumed to be prima facie correct." § 9–745(b)(1). In fact, we review a Commission decision only to determine whether the Commission "(1) justly considered all of the facts about the accidental personal injury . . .; (2) exceeded the powers granted to it under this title; or (3) misconstrued law and facts applicable in the case decided." § 9–745(c). Indeed, "only upon a finding that its action was based upon an erroneous construction of the law or facts" will we reverse a Commission ruling. *Frank v. Baltimore County*, 284 Md. 655, 658, 399 A.2d 250 (1979). In other words, "[n]otwithstanding the deferential treatment of the Commission's decision, a reviewing court has broad authority and may reverse the Commission's decision when it is based on an erroneous conception of the law." *Board of County Comm'rs v. Vache*, 349 Md. 526, 533, 709 A.2d 155 (1998). Because the Commission's decision in this case was "based on an erroneous conception" of § 9–736(b)(3), we hold that the circuit court properly reversed the Commission's dismissal of appellee's claim for permanent total disability benefits.

Before reaching that issue, however, we must first address appellants' claim that the Commission had no jurisdiction to consider appellee's claim for permanent total disability benefits. Specifically, appellants contend that "because there was no Award of Compensation issued by the Commission after [they] withdrew their contesting issues, the Commission lacked jurisdiction" to consider appellee's claim. In support of that proposition, appellants cite *Judge v. R and T Construction Company*, 68 Md.App. 57, 509 A.2d 1236 (1986).

In that case, after filing a workers' compensation claim with the Maryland Commission, the claimant, Thomas Judge, "requested that the claim be withdrawn because he intended to file a claim with the Virginia Industrial Accident Commission of which state he was a resident." *Id.* at 59, 509 A.2d 1236. That request was granted, whereupon he filed a claim with the Virginia commission. That commission ultimately awarded Judge compensation and medical benefits. But, when it later denied his request for a "specially-equipped van" and for modifications to his residence, he requested that the Maryland Commission reopen his Maryland claim. The Maryland commission denied that request, dismissing his claim "for lack of jurisdiction." *Id.* That decision was affirmed by the circuit court.

On appeal, we agreed with the Commission. We declared that the order of the Maryland commission, permitting Judge to withdraw his claim, was not an "award" within the meaning of Art. 101, § 40(b)(3), now § 9–736(b)(3). We pointed out that in issuing that order the Commission made no findings and did not address the merits of the claim. *Judge*, 68 Md.App. at 61, 509 A.2d 1236. And because that order was not an award, the Commission, we reasoned, did not have jurisdiction under § 9–736(b)(3) to reopen it. *Id.* The Maryland Commission, we observed, should have treated the refiling of the original claim "as the filing of a new claim, just as a court would treat the filing of a lawsuit after voluntary dismissal without prejudice." *Id.* at 63–64, 509 A.2d 1236. We then vacated the judgment below and remanded the case for consideration of Judge's "new claim."

Relying on that case, appellants contend that because no award was issued here, as in *Judge,* the Commission had no jurisdiction under § 9–736(b)(3) or under any other section of the Act to consider appellee's permanency claim. Appellants are mistaken. In *Judge,* the Commission lost its jurisdiction because Judge had withdrawn his claim, something that never occurred here. Indeed, unlike Judge, appellee never withdrew his claim, and therefore the Commission never lost its jurisdiction over it. *See* § 9–736(b)(1) ("The Commission has continuing powers and jurisdiction over each claim under this Title."). In short, the Commission had jurisdiction to consider appellee's permanency claim.

But even if that is so, appellants counter, appellee's claim for permanent disability benefits was barred by the five-year limitations period of § 9–736(b)(3). Section 9–736(b)provides:

(1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2)Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section [section (c) heading is estoppel and fraud], the Commission may not modify an award unless the modification is applied for within five years after the last compensation payment.[2]

Citing that section, appellants maintain that appellee's permanency claim constitutes a "petition to reopen" the initial claim he filed with the Commission more than five years ago and therefore it is barred by § 9–736(b)(3). In reply, appellee

---

**2.** On October 1, 2002, section 9–736(b)(3) was amended as follows:

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the latter of:

   (i) the date of the accident;
   (ii) the date of disablement; or
   (iii) the last compensation payment.

Md.Code Ann. (1991, 1999 Repl.Vol., 2002 Cum.Supp.) of the Lab. & Empl. Article (citing Chapter 568, Acts 2002). The amendment does not affect the outcome of this case.

contends that his claim was not a petition to reopen, given that the "Commission had not, prior to that time, made any findings or entered any Order with respect to this claim. As such, there was no 'award' to modify."

To resolve these two conflicting interpretations of § 9–736(b)(3) we begin with a review of the relevant canons of statutory construction: The "cardinal rule" of statutory interpretation "is to ascertain and effectuate legislative intent." *Mayor of Baltimore v. Chase*, 360 Md. 121, 128, 756 A.2d 987 (2000); *Prince George's County, Maryland v. Vieira*, 340 Md. 651, 658, 667 A.2d 898 (1995). " 'The primary source from which we glean this intention is the language of the statute itself. . . .' " *Subsequent Injury Fund v. Ehrman*, 89 Md.App. 741, 747, 599 A.2d 875 (1992) (quoting *Mazor v. Dep't of Correction*, 279 Md. 355, 360, 369 A.2d 82 (1977)). "If the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written." *Jones v. State*, 336 Md. 255, 261, 647 A.2d 1204 (1994). But even if the statute is clear and unambiguous, "we are not 'precluded from consulting legislative history as part of the process of determining the legislative purpose or goal' of the law." *Morris v. Prince George's County*, 319 Md. 597, 604, 573 A.2d 1346 (1990)(quoting *Wilde v. Swanson*, 314 Md. 80, 92, 548 A.2d 837 (1988)).

■ Guided by these principles, we turn first to the "plain language of the enactment" itself. *Waters v. Pleasant Manor Nursing Home*, 361 Md. 82, 103–04, 760 A.2d 663 (2000). Keeping in mind that although the general provisions of the Act are to be liberally construed to effectuate its benevolent purposes, its limitation provisions are not. *See Montgomery County v. McDonald*, 317 Md. 466, 472, 564 A.2d 797 (1989); *see also Tavel v. Bechtel Corp.*, 242 Md. 299, 303, 219 A.2d 43 (1966); *Stevens v. Rite–Aid Corp.*, 340 Md. 555, 568, 667 A.2d 642 (1995); *Buskirk v. C.J. Langenfelder & Son, Inc.*, 136 Md.App. 261, 270, 764 A.2d 857 (2001). In fact, they are to be

strictly construed. *Vest v. Giant Food Stores, Inc.*, 329 Md. 461, 475, 620 A.2d 340 (1993).

The language of § 9–736(b)(3)—"the Commission may not modify an award unless the modification is applied for within five years after the last compensation payment"—is "clear and unambiguous." *Zeitler–Reese v. Giant Food, Inc.*, 137 Md.App. 593, 598, 769 A.2d 269 (2001). It expressly grants the Commission the power to modify an award but only if the request for such a modification was made within five years of the last compensation payment. It is clearly intended to set temporal boundaries on the Commission's right to modify an award. If no such award exists, then § 9–736, including its limitations provision, does not apply.

And that interpretation of § 9–736(b)(3) is consistent with the other remedial and protective sections of the Act. Section 9–722(c) states, for example, that "a final compromise and settlement agreement" of any current or future claim "may not take effect unless it has been approved by the Commission." The purpose of that provision "is to prevent advantage being taken of a claimant's possible ignorance of his rights or of his best interests." *Hanley v. Mulleneaux*, 192 Md. 592, 597, 65 A.2d 325 (1949); *see also B. Frank Joy Co. v. Isaac*, 333 Md. 628, 645, 636 A.2d 1016 (1994)(the purpose of providing oversight by the Commission is to protect the claimant from "illusory or woefully inadequate compromises."). For that same reason, the Act requires that all stipulations, § 9–701(2),[3] and lump sum payments, § 9–729,[4] be submitted

---

3. Section 9–701 of the Act authorizes the Commission to "determine the nature and form of an application for benefits or compensation." Pursuant to that authority, 14.09.01.12C of COMAR requires that stipulations be filed with the Commission.

4. Interpreting the Act in *Porter v. Bayliner Marine Corporation*, 349 Md. 609, 709 A.2d 1205 (1998), the Court of Appeals held that unless a lump sum payment of disability benefits is approved by the Commission, the five-year limitation period of § 9–736(b)(3) runs from the time that the last periodic payment would have been made and not the date of the lump sum payment.

for Commission approval. Commission oversight, the Act suggests, is a guarantor of fairness.

That is why the five-year limitations period of § 9–736(b)(3) applies only to the modification of awards and not to the Commission's first consideration of a claim that had previously been the subject of a private disposition. To rule otherwise, as appellants urge, would defeat the purposes of the Act. It would treat private unapproved dispositions as if they were the same as Commission awards. That, in turn, would provide an avenue by which employers could avoid Commission oversight. By contesting the initial claim, then withdrawing that objection before the Commission hearing, and, after that, reaching a private resolution of the claim, as appellants did here, employers could be assured that any private arrangement they had reached with an employee would, after five years, permanently elude Commission scrutiny.

Appellants also cite *Seal v. Giant Food, Inc.*, 116 Md.App. 87, 94, 695 A.2d 597 (1997), in support of their contention that § 9–736(b)(3) applies to appellee's permanency claim, although no award was issued. In that case, the claimant, Mary Seal, while working as a cashier for Giant Food, sustained a work-related injury—carpal tunnel syndrome—for which she filed a claim with the Commission. Initially, she was awarded temporary total and temporary partial benefits. Later, however, Seal was awarded permanent partial disability benefits for 200 weeks. *Id.* at 90, 695 A.2d 597. That was reduced to 165 weeks of payments after attorney's fees and other expenses were deducted. *Id.*

Her employer's insurance carrier, however, paid her monthly rather than weekly. Consequently, she received her last payment of compensation one month earlier than if she had been paid weekly. More than five years later, as a result of continuing medical problems, Seal filed a petition to reopen her claim. Her employer and its carrier maintained that her claim was barred by the five-year limitations period contained

in § 9–736(b)(3). Dismissing that petition, the Commission agreed and the circuit court affirmed that decision.

Before this Court, Seal argued, among other things, that because the last payment would not have fallen outside the five-year limitations period if she had been paid weekly, the five-year limitations period should not begin to run until the date that the last compensation payment became due. *Id.* at 94, 695 A.2d 597. But that of course is not what § 9–736(b)(3) states. It plainly prohibits the Commission from modifying an award when the request for modification was made more than five years "after the last compensation payment," or, in other words, after " 'the last payment of compensation.' " *Id.* (quoting 3 Larson's Workmen's Compensation Law, § 81.22(e), at 15–971–72 (1989)). Finding no basis for an exception to that requirement, we rejected appellants' claim. *Id.* at 94, 695 A.2d 597.

In this case, however appellants do not request, as Seal in effect did, that we create an exception to § 9–736(b)(3) but only that we apply that provision as drafted. This we have done. Just as a strict construction of that provision required us to affirm the dismissal of Seal's claim, it now compels us to affirm the viability of appellee's claim.

And finally, although Maryland law provides little authority, precedential or analogical, to guide our resolution of this issue, the United States Supreme Court does. Its decision in *Intercounty Construction Corporation v. Walter,* 422 U.S. 1, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1975), presents us with an instructive analogue. In that case, the claimant sustained a work-related injury in 1960 and filed a claim for total permanent disability under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 ("LHWC Act"), within the applicable one-year statute of limitations. Although the employer's insurance carrier denied the extent of the claimant's injury, it began making voluntary total disability payments. *Id.* at 4, 95 S.Ct. 2016.

Five years later, after giving notice that it was challenging, among other things, the extent of the claimant's permanent

disability, the carrier reduced the amount of the voluntary payments to "the rate for 50% temporary disability." *Id.* at 4, 95 S.Ct. 2016. And three years after that, in 1968, the carrier stopped making compensation payments because those payments had reached its maximum liability under the LHWC Act for any condition other than permanent total disability or death. *Id.* In 1970, two years after receiving his last voluntary disability payment from the carrier, the claimant requested a hearing on his claim for permanent total disability. *Id.* at 5, 95 S.Ct. 2016.

After an administrative hearing, the Deputy Commissioner of the Bureau of Employees' Compensation awarded the claimant compensation for permanent total disability, notwithstanding the insurer's contention that his claim was barred by § 922 of the LHWC Act. That section provided that "the deputy commissioner may, at anytime prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case. . . ." *Id.* at 6, 95 S.Ct. 2016 (quoting 33 U.S.C. § 922 (1970)). In so ruling, the Deputy Commissioner rejected the carrier's argument that § 922 "superimposes on the express statute of limitations [for filing an initial claim] . . . an additional limitations period requiring action by the deputy commissioner on pending claims within one year after the date of the last voluntary payment of compensation. . . ." *Id.*

After that decision was affirmed by the United States Court of Appeals for the District of Columbia, the Supreme Court granted certiorari. Declaring that the purpose of § 922 was " 'to broaden the grounds on which a deputy commissioner [could] modify an award,' " *id.* at 10, 95 S.Ct. 2016 (quoting *Banks v. Chicago Grain Trimmers*, 390 U.S. 459, 464, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968)), the Court held that because there was no award .to be modified, the limitations period in § 922 did not apply. *Id.* at 6, 95 S.Ct. 2016.

This case presents a set of circumstances strikingly similar to those surrounding the disability claim in *Intercounty Con-*

*struction Corporation.* As in *Intercounty Construction Corporation,* after an initial claim was timely filed, the employer's insurance carrier here made voluntary disability payments in advance of any award and, sometime after those payments terminated, appellee, like the claimant in that case, filed a claim for permanent disability benefits, after the limitations period for the modification of such claims had lapsed. And, as in that case, no award was ever requested by either party to the action until after voluntary compensation payments ceased.

Moreover, appellants present here an argument that parallels the one advanced by the insurance carrier in *Intercounty Construction Corporation.* They maintain, as the carrier did in that case, that the section governing the administrative modification of awards (§ 9–736(b)(3)), superimposes on the applicable statute of limitations for filing an initial claim (§ 9–709), an additional limitations period that runs from the date of the last compensation payment, despite the absence of an award. *See Intercounty Construction Corp.,* 422 U.S. at 6, 95 S.Ct. 2016. We find that argument no more persuasive here than the Supreme Court did in *Intercounty Construction Corporation.*

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**